The opinion of the Court was delivered by
Dunkin, C. J.
The rule of Sheriff’s sales is caveat emptor. No one is obliged to purchase; but the officer is obliged to sell, if bidders can be found. It is for the interest of the public, not only of the creditor and the debtor, but also of *441 purchasers, that these sales should be protected. The bidder is entitled to the legal interest of the defendant in the execution and whatever the plaintiff" had the right to sell, neither more nor less. The purchaser must look to that; and no infirmity in the title of the defendant, no defect in the quality of the article sold, will release him from his obligation to comply with his bid. So, on the other hand, mere inadequacy of price, however startling, in the absence of all fraud, will afford no ground to impeach his purchase. See Colman vs. Bank of Hamburg, 2 Strob. Eq. 285. The plaintiff in a junior execution, has the right to require that his debtor’s property shall be sold by the Sheriff" not only that free competition may secure a full price, but that he may have the official obligation of the Sheriff for the due and regular appropriation of the sales according to the legal priority of the executions. It is necessary to bear in mind these general and well-settled principles when the circumstances of this case are under consideration. This defendant, Sims, according to his answer, removed from Alabama to Columbia in the fall of 1854, and on 21st October, 1854, purchased from Windsor the central lot for three thousand seven hundred dollars, took possession of the premises, and had made improvements of considerable value, when, in. the spring of 1855, he discovered that the premises were under mortgage by Windsor for two thousand dollars. Having paid one hundred dollars on his purchase, he declined to make any farther payment until the incumbrance was removed. In the succeeding fall he found the lot which he had thus purchased from Windsor, with the adjoining lots on each side of him, constituting together two acres, levied on by the Sheriff of Eichland District, under two executions against the former owner, Joseph A. Black, and advertised by the Sheriff to be sold in a body on the sale-day in October. The answer denies any agency or interference whatever on the part of the defendant in procuring this levy, and *442 the Chancellor reports that this denial was uncontroverted by proof at the hearing. Nor does the sequel prove that he could have any reasonable ground to promise himself advantage from such supposed machinations or contrivance. With the knowledge of an incumbrance on the part of his immediate vendor, of which he had not been originally advertised, and the prospect of an ejectment by a purchaser at Sheriff’s sales, under an execution against the former owner, the defendant, Sims, may well have entertained the embarrassment which would induce a proposal to N. A. Peay, which the defendant avers to have been made while the property was under advertisement. Of the proposal itself there is no evidence, except as derived from the answer which, not being responsive in this particular to any charge in the bill, cannot avail the defendant. But it is suggestive of the relative duties' of the parties under the then existing emergency. Sims knew or had been informed of the sale by Peay, as attorney of Black, to the plaintiff His knowledge extended no further. He was ignorant of the amount which had been received by Peay, or whether it had been applied by him to the executions in the order prescribed by law, or of any other matter relating to his transaction with his principal. A third person, if permitted to bid off the property, might have even less knowledge than himself. Under these circumstances the obvious duty of N. A. Peay was to apply for the aid of this Court to enjoin the further proceedings under the junior executions. He was best able to say whether he had done all which the junior execution creditors had a legal right to require. If the plaintiffs were able to establish such equities, they might themselves have impleaded both N. A. Peay and the execution creditors. But it would be very detrimental to sales by the Sheriff if a notice to the bystanders by the defendant, or any other person, should take the place or have the effect of an injunction. If the defendant, .Sims, had relied on this and refrained *443 from bidding, he might too late have discovered his error. Peay himself bid on the property to a larger amount than he had originally received in his sales to the plaintiffs, and when the defendant, Sims, paid his bid of six thousand three hundred and twenty-five dollars, the sales were received by N. A. Peay as the eldest execution creditor, who was thus twice paid for the same land. Whatever demands, legal or equitable, may exist between the plaintiff and the executors of N. A. Peay, deceased, the Court concur with the Chancellor that they have no ground to implead the defendant, J. T. Sims.
As between the plaintiff, James Windsor, his immediate vendor, and the defendant, Sims, there might have been this equity, that if he had purchased the central lot at the October sales, in 1855, for a trifle, the title thus acquired would have perfected Windsor’s conveyance, and Sims would be entitled to credit on his purchase only to the extent of his bid at Sheriff’s sale. But the facts do not warrant the application of this principle, and the decree of the Chancellor has given effect to the only equity which subsisted between them.
The question presented by the last ground of appeal on the part of the executors of N. A. Peay, deceased, was not made in the pleadings, either by demurrer or otherwise, nor has it been argued in this Court. The Chancellor may well have supposed, as is intimated in his decree, that there was no objection to the account on the part of the executors of N. A. Peay, deceased, and not being urged here, the Court might pass it without further notice. But it may be proper to notice it to prevent misapprehension. Certainly this Court will not entertain jurisdiction to enforce damages for a breach of warranty. This is the general rule. But the defendant, Peay, by his answer, making no objection to the jurisdiction, admits that he received from the Sheriff the proceeds of the sale of the land which he had previously sold to the plaintiffs and whose title he had warranted. It *444 would be difficult for him to resist the claims of the plaintiffs in this Court for an account of the sum thus received by him. It seems that the amount exceeded the purchase-money paid by the plaintiffs. The Chancellor, with a view of preventing protracted litigation, and assuming the acquiescence of the executors of Peay, restricts the accounting to the amount of liabilities under the breach of warranty, and the plaintiffs have not objected to the measure of relief afforded to them by the decree in this behalf.
It is ordered and decreed that the decree of the Circuit Court be affirmed, and that the appeal be dismissed.
Wardlaw and Inglis, J. J., concurred.

Decree affirmed.